**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRANDI CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEAGLE, INC. d/b/a THE SILVER BULLET BAR, and EDWARD SALFELDER JR.,<br><br>Defendants. | CASE NO. 2:20-CV-02271-CSB-EIL |

**AMENDED CLASS ACTION COMPLAINT**

**I.      INTRODUCTION**

1.      Plaintiff Brandi Campbell brings this action on behalf of herself and other exotic dancers who have worked at Keagle Inc. d/b/a The Silver Bullet Bar ("Silver Bullet" or "Club"), an adult entertainment strip club located at 1401 East Washington Street, Urbana, Illinois, which is owned and managed by Mr. Edward Salfelder Jr. As described further below, the Silver Bullet has misclassified its exotic dancers as independent contractors rather than employees under federal and state law. Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

2.      Plaintiff brings this action on her own behalf, and on behalf of other Silver Bullet dancers who may choose to opt-in to this case, for not paying minimum wage as

1

required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and for taking a portion of the dancers' tips and allowing and requiring dancers to share their tips with individuals not eligible to share in a tip pool.

3. Plaintiff also brings this action on behalf of herself and a class of other similarly situated Silver Bullet exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating various provisions of Illinois state wage law including: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* by failing to pay dancers the required state minimum wage; and (2) the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq.* by taking deductions from dancers' pay and requiring dancers to share their tip earnings with other individuals.

4. Plaintiff also brings individual claims for retaliation under the FLSA and IMWL.

## II. PARTIES

5. Plaintiff Brandi Campbell is an adult resident of Illinois. She worked at the Silver Bullet as an exotic dancer from approximately January 2020 until approximately March 2020.

6. Defendant Silver Bullet is an Illinois corporation with its principal place of business at 1401 East Washington Street, Urbana, Illinois.

7. Edward Salfelder Jr. is an adult resident of Mahomet, Illinois, and the President and owner of Defendant Silver Bullet. Salfelder directed and controlled the payment policies of the Club and the rules with respect to the dancers.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

9. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's supplemental state law claims, which are brought pursuant to the laws of the State of Illinois, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants are located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed within this judicial district.

## IV. STATEMENT OF FACTS

11. The Silver Bullet has misclassified its exotic dancers as independent contractors, when in reality they are employees.

12. The Silver Bullet has exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the Club's premises, including where to be on the premises and when, how much they can receive for private dances and sessions, and how they can interact with customers. For example, dancers must dance on stage for two songs at a time (three songs if there were less than eight dancers working that night) and must begin the first song fully clothed and remove their top for the second song; they must remain on stage until the next dancer comes onto stage, even if their stage rotation is over; the Club determines the rotation for stage dances; dancers are required to leave a "courtesy dollar" on the stage at the end of their stage rotation for the next dancer; dancers are not allowed to take extended breaks during a shift and could not relax in the dancers' dressing room; and dancers must work until the Club closes at the end of the night (either 1:00 a.m. or

2:00 a.m. depending on the night) and could not leave without permission from management. The dancers have no control over the customer volume, advertising, or atmosphere at the Club, which is controlled entirely by Defendants.

13. The Club requires dancers to work a minimum of three shifts per week. Two of those shifts must be Tuesday, Wednesday, or Thursday, and one of those shifts must be either Friday or Saturday.

14. The Silver Bullet opens to the public at 8:00 p.m. for the sale of alcohol. The Club prohibits dancers from providing dances before 9:00 p.m.

15. The Silver Bullet establishes the prices for all customer dances. Dancers could not negotiate the dance prices with the Club. Likewise, Plaintiff and the other dancers were prohibited from charging customers more or less than the Club's established prices.

16. Defendants retain the power to hire and fire the exotic dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements regarding the manner and means of their work. For example, Defendants may fine dancers $100 if the dancers do not work their required three shifts in a week. Similarly, dancers are warned that they will be fired if they unlock the rear door (which is the door dancers are required to use to enter and leave the Club).

17. At all relevant times, Silver Bullet dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

18. In addition, the Silver Bullet is in the business of providing adult entertainment to its patrons. Thus, the dancers clearly perform services in the usual

course of Defendants' business, and without the dancers, the Silver Bullet would have no business, such that the dancers' work is integral to Defendants' business.

19. At all times relevant to this Complaint, Defendants have treated Plaintiff and their other dancers in a substantially similar manner with respect to their policies and practices.

20. At all relevant times, the federal minimum wage has been $7.25 per hour.

21. At all times while Plaintiff worked for Defendants, the minimum wage in Illinois was $9.25 per hour. The minimum wage in Illinois increased to $10.00 per hour on July 1, 2020.

22. Defendants did not pay the exotic dancers who have worked at the Silver Bullet the prevailing minimum wage.

23. The exotic dancers who have worked at the Silver Bullet receive compensation only in the form of gratuities from patrons.

24. In order to perform their job, the dancers have been required to pay "house fees" to the Silver Bullet for every shift they work. The typical house fee is $30 per shift. However, if the dancer does not arrive to the Club by 9:00 p.m., the dancer is required to pay an additional $20 late fee.

25. The dancers have also been required to share their tips with managers and with non-service employees or agents of the Silver Bullet, such as disc jockeys, and security.

26. On or about March 4, 2020, Plaintiff complained to the Silver Bullet's management about the Club's wage practices. Specifically, she provided a written letter to the Club's Manager, Jim (Last Name Unknown), complaining that she was being

treated like an employee, rather than an independent contractor, and therefore was misclassified. She asked Jim to provide her letter to Defendant Salfelder, which he did.

27. At the end of the shift, Salfelder fired Plaintiff. He told Plaintiff that "this is going to be your last night here. You have a problem with our contracts, so this will be your last night."

## V. CLASS AND COLLECTIVE ALLEGATIONS

28. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at the Silver Bullet at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

29. Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who worked as exotic dancers at the Silver Bullet at any time between ten years prior to the filing of this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IWPCA) and between three years prior to filing this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IMWL).

30. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

   a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

   b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) the Silver Bullet's conduct in classifying exotic

dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by uniformly requiring dancers to pay a portion of their tips to the Defendant and to managers and other non-service employees.

c. The claims of Plaintiff Campbell are typical of the claims of the proposed class and she has the same interests as the other members of the class; and

d. Plaintiff Campbell will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are coincident with, and not antagonistic to, the interests of the other class members.

31. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA
### (Collective Action)

32. Defendant Silver Bullet is an "employer" for purposes of the Fair Labor Standards Act because Plaintiff and the Silver Bullet's other exotic dancers were

individually engaged in commerce. For example, Plaintiff and the Club's other exotic dancers were required by Defendants to dance to music that was streamed and/or downloaded from the internet. Additionally, Plaintiff and the Club's other exotic dancers purchased and used stage attire, makeup, and shoes for their performances that had traveled though interstate commerce.

33. The individual Defendant Edward Salfelder is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of Defendant Silver Bullet in relation to its employees, including Plaintiff and other exotic dancers who have worked at the Silver Bullet in Urbana, Illinois.

34. Plaintiff and the members of the proposed class are employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendants have failed to pay Plaintiff and the members of the proposed class an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

35. Further, Defendants are not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because they did not provide the required notice to the dancers in order to take the tip credit and because the dancers have not been allowed to retain all tips they have received, but instead have been required to share their tips with management and with other employees or agents of Defendants who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

36. Plaintiff and the members of the proposed class are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and the members of the class at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendants knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded similarly situated exotic dancers are employees of the clubs for which they work.

37. Plaintiff and the members of the proposed class are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Minimum Wage, 820 ILCS § 105/1, *et seq*.
### (Class Action)

38. At all times relevant herein, Plaintiff and the members of the proposed class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

39. At all relevant times, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

40. Plaintiff and the members of the proposed class were not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during their employment with Defendants.

41.  Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff and the other members of the proposed class were entitled to be compensated at the applicable State minimum wage rate for all hours worked.

42.  Defendants' willful conduct in failing to ensure that its exotic dancers receive the Illinois state minimum wage constitutes a violation of 820 ILCS § 105/1, *et seq.* This claim is brought on behalf of all dancers who have worked at the Silver Bullet in the last three years prior to the date of filing of this Complaint until the date of judgment in this action. See 820 §ILCS 105/12.

## COUNT III
### Failure to Pay Wages and Illegal Deductions 820 ILCS § 115, *et seq.*
### (Class Action)

43.  At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendants as defined by the IWPCA.

44.  At all relevant times, Defendants were employers of Plaintiff and the members of the proposed class as defined by the IWPCA.

45.  Defendants have violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq., by misclassifying their exotic dancers as independent contractors, requiring them to pay fees in order to perform their jobs, and requiring them to make payments to other individuals (such as disc jockeys, and security). This claim is brought on behalf of all dancers who have worked at the Silver Bullet in the last ten years prior to the date of filing of this Complaint until the date of judgment in this action. See 735 ILCS § 5/13–206.

## COUNT IV
### Unlawful Retaliation in violation of the FLSA

46. Plaintiff's complaint to Salfelder and Manager Jim about Defendants' wage practices on or about March 4, 2020 constitutes protected activity under the FLSA.

47. Defendants terminated Plaintiff mere hours after she complained about Defendants' wage practices.

48. Defendants' actions in terminating Plaintiff's employment are causally connected to her complaining about Defendants' wage practices, and thus constitute unlawful retaliation under the Fair Labor Standards Act.

## COUNT V
### Unlawful Retaliation in violation of the IWPCA

49. Plaintiff's complaint to Salfelder and Manager Jim about Defendants' wage practices on or about March 4, 2020 constitutes protected activity under the IWPCA.

50. Defendants terminated Plaintiff mere hours after she complained about Defendants' wage practices.

51. Defendants' actions in terminating Plaintiff's employment are causally connected to her complaining about Defendants' wage practices, and thus constitute unlawful retaliation under the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant Silver Bullet who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

      b.      A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and have deprived Plaintiff and the members of the class of their rights to such compensation;

      c.      A declaratory judgment that the plaintiffs and class members are employees, not independent contractors under both the FLSA and Illinois state law;

      d.      Certification of a class pursuant to Fed. R. Civ. P. 23;

      e.      An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

      f.      An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

      g.      An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with treble damages, and statutory damages pursuant to the formula set forth in the IMWL;

      h.      An award of damages for all wages and statutory damages pursuant to the formula set forth in the IWPCA;

      i.      An award of compensatory and punitive damages in an amount to be determined at trial Defendants' unlawful retaliation under the FLSA;

      j.      An award of damages to Plaintiff in an amount to be determined at trial for Defendants' unlawful retaliation under the IWPCA;

      k.      An award of prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

      l.      Attorneys' fees and costs; and

m.     Such further relief as the Court deems just and proper.

Respectfully submitted,

BRANDI CAMPBELL, individually and on behalf of all others similarly situated,

By their attorneys,

 s/ Bradley Manewith
Bradley Manewith, #06280535
Marc Siegel, #06238100
James Rogers, #06324570
Siegel & Dolan Ltd.
150 North Wacker Drive, Suite 3000
Chicago, IL 60606
Tel. (312) 878-3210
Fax (312) 878-3211
Email:  bmanewith@msiegellaw.com
        msiegel@msiegellaw.com
        jrogers@msiegellaw.com

Shannon Liss-Riordan, *pro hac vice anticipated*
Adelaide Pagano, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 993-5801
Email:  sliss@llrlaw.com
        apagano@llrlaw.com

Dated: November 23, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2020, I electronically filed Plaintiff Brandi Campbell's AMENDED CLASS ACTION COMPLAINT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Chad S Beckett
BECKETT LAW OFFICE PC
508 South Broadway Avenue
Urbana, IL 61803-7160

Dated: November 23, 2020              /s/ Bradley Manewith