E-FILED
Wednesday, 04 May, 2022  05:20:48 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRANDI CAMPBELL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | CIV. A. NO. 2:20-CV-02271-CSB-EIL |
| v. | |
| KEAGLE INC. d/b/a THE SILVER BULLET and EDWARD SALFELDER JR., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR COSTS AND CROSS-MOTION TO RE-TAX COSTS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

ARGUMENT ...................................................................................................... 3

   1.   The Named Plaintiff Has Limited Financial Resources ........................... 5

   2.   Plaintiff's Case Has Merit, Presents Difficult Issue, Was Litigated In Good Faith, and May Yet Be Vindicated In Arbitration. .................................................. 8

   3.   Awarding Costs Would Discourage Future Plaintiffs From Bringing Cases That Seek to Advance Public Policy Goals Such as The Enforcement of Remedial Labor Laws. ........................................................................................................ 9

CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

## Cases

*Ayala v. Pacific Maritime Ass'n*
  2011 WL 6217298 (N.D. Cal 2011)........................................................... 9, 10

*Campbell v. Keagle Inc.*
  27 F.4th 584 (7th Cir. 2022), *reh'g denied,* No. 21-2256, 2022 WL 1009565 (7th Cir.
  Apr. 4, 2022) ............................................................................................ 1, 3

*Chaves v. King Arthur's Lounge*
  No. 07-2505, 2009 WL 3188948 (Mass. Super. July 30, 2009) .................................. 8

*Clincy v. Galardi South Enterprises, Inc.*
  808 F. Supp. 2d 1326 (N.D. Ga. 2011) ........................................................... 2

*Coulter v. Newmont Gold Co.*
  873 F. Supp. 394 (D. Nev. 1994) ........................................................... 1, 4, 9

*Cross v. Roadway Express*
  No. 93 C 2584, 1994 WL 592168 (N.D. Ill. Oct. 26, 1994) ...................................... 4, 6

*Cruz v. Manlo Enterprises, Inc. d/b/a/ Mario's Showplace ("Mario's Showplace")*
  Worcester Civ. A. 10-1931 (Mass. Super. June 9, 2011)............................................. 8

*Cusick v. The 15 Lagrange Street Corp. d/b/a The Glass Slipper*
  Suffolk Civ. A. No. 10-4127 (Mass. Super. Aug. 8, 2013) ........................................... 8

*D'Antuono v. C & G Groton, et al.*
  AAA No. 11-160-02069-11 (Dec. 3, 2012) .................................................... 8

*Degidio v. Crazy Horse Saloon and Restaurant, Inc.*
  Civ. No. 4:13-cv-02136-BHH, 2015 WL 5834280 (D.S.C. Sept. 30, 2015) ................. 2

*Harrell v. Diamond A Entm't, Inc.*
  992 F. Supp. 1343 (M.D. Fla. 1997)............................................................. 2

*Hart v. Rick's Cabaret Int'l, Inc.*
  967 F. Supp. 2d 901 (S.D.N.Y. 2013) ......................................................... 2

*Jenks v. D & B Corp., d/b/a/ The Golden Banana ("Golden Banana")*
  28 Mass. L. Rptr. 579 (Mass. Super. Ct. Aug. 24, 2011).............................................. 8

*Johnson v. VCG-IS, LLC*
  (Case No. 30-2015-00802813 (Super. Ct. Cal. Aug, 31, 2018).................................... 8

*Jones v. Parkview Hosp., Inc.*
  No. 1:16-CV-408, 2021 WL 7907673 (N.D. Ind. Feb. 8, 2021) ........................... 4, 6, 7

*Kaplan v. Mayo Clinic*
    No. CIV. 07-3630 JRT, 2011 WL 3837095 (D. Minn. Aug. 29, 2011)................. 4, 6, 8

*M.T. Bonk Co. v. Milton Bradley Co.*
    945 F.2d 1404 (7th Cir. 1991) ........................................................................3

*Mansourian v. Bd. of Regents of Univ. of California at Davis*
    566 F. Supp. 2d 1168 (E.D. Cal. 2008) .........................................................6

*Mays v. BNSF Ry. Co.*
    No. 10 C 153, 2013 WL 6645396 (N.D. Ill. Dec. 17, 2013) ...........................6

*McFeeley v. Jackson Street Entertainment, LLC*
    825 F.3d 235 (4th Cir. 2016) .........................................................................2

*Monteiro v. PJD Entertainment of Worcester, Inc., d/b/a/ Centerfolds ("Centerfolds")*
    Worcester Civ. A. No. 10-1930 (Mass. Super. Nov. 23, 2011).....................8

*Morse v. Mer Corp*
    No. 1:08-cv-WTL-JMS, 2010 WL 2346334 (S.D. Ind. June 4, 2010) ...........2

Paoli R.R. Yard PCB Litig.
    221 F.3d 449 (3rd Cir. 2000)..........................................................................7

*Reich v. Circle C. Invs., Inc.*
    998 F.2d 324 (5th Cir. 1993) ..........................................................................2

*Reich v. Priba Corp.*
    890 F. Supp. 586 (N.D. Tex. 1995) ...............................................................2

*Rivera v. City of Chicago*
    469 F.3d 631(7th Cir. 2006) ....................................................................... 1, 3

*Roman v. Jan-Pro Franchising Int'l, Inc.*
    No. C 16-05961 WHA, 2017 WL 3086059 (N.D. Cal. July 20, 2017) ...........4

*Sandoval v. M.J.F. Bowery Corp., d/b/a/ Ten's Show Club ("Ten's")*
    2011 WL 5517331 (Mass. Super. July 22, 2011) ..........................................8

*Santopietro v. Howell*
    2014 WL 6968070 (D. Nev. 2014) .................................................................6

*Shaw v. Set Enterprises, Inc.*
    241 F. Supp. 3d 1318 (S.D. Fla. 2017) ..........................................................2

*Stanley v. Univ. of S. California*
    178 F.3d 1069 (9th Cir. 1999).......................................................................6

*Stewart v. Lashbrook*
    No. 3:16-CV-1321-NJR, 2021 WL 1736917 (S.D. Ill. May 3, 2021) ......... 4, 6

*Tallman v. Freedman Anselmo Lindberg LLC*
  No. 11-3201, 2013 WL 4041412 (C.D. Ill. Aug. 7, 2013).............................................5

*Thompson v. Linda And A, Inc.*
  779 F.Supp.2d 139 (D.D.C. 2011) ............................................................................2

*Vasquez v. Ye Olde Lamplighter II, Inc.*
  Worcester, Civ. A. No. 2011-1610 (Mass Super. Nov. 13, 2013)...........................8

*Weeks v. Samsung Heavy Indus. Co.*
  126 F.3d 926 (7th Cir. 1997) .....................................................................................1

**Rules**

56 Ill. Admin Code § 300.460 ........................................................................................8

Federal Rule of Civil Procedure 54 ...............................................................................3

## INTRODUCTION

This case was filed in October 2020 as a class and collective action against Defendants on behalf of a putative class of exotic dancers who Plaintiff claims have been misclassified as independent contractors. *See* Dkt. No. 1. Plaintiff initially prevailed in defeating Defendants' Motion to Compel Arbitration, *see* Dkt. No. 18; however, that decision was subsequently overturned on appeal. *Campbell v. Keagle Inc.*, 27 F.4th 584 (7th Cir. 2022), *reh'g denied,* No. 21-2256, 2022 WL 1009565 (7th Cir. Apr. 4, 2022).

Now, Defendants seek costs from Plaintiff Campbell, an unemployed low-wage worker who brought this case on behalf of her fellow dancers, in the amount of $505 – a sum that exceeds Ms. Campbell's monthly rent. *See* Campbell Aff. at ¶¶ 5-6 (attached hereto). Plaintiff should not be forced to choose between keeping a roof over her head and paying Defendants' costs in this case. As set forth further below, "[d]istrict courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The Seventh Circuit has affirmed that district courts may exercise that broad discretion to relieve indigent litigants of the burden of paying a prevailing party's costs (as has nearly every other Circuit Court of Appeals). *See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (collecting cases). In addition to considering a litigant's ability to pay, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*; *see also Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 397 (D. Nev. 1994) (noting that courts have discretion not to award costs (1)

1

when the plaintiff has limited financial resources and awarding costs will impose a hardship; (2) when there is a the disparity in financial resources between the losing and prevailing parties; (3) when the case, though unsuccessful, had merit and the issues presented were close and difficult to decide; (4) when the losing part litigated in good faith; and (5) when awarding costs will discourage future plaintiffs from bringing cases that seek to vindicate individual rights and advance "significant public values.").

Here, where the plaintiff is an unemployed exotic dancer of limited means seeking to vindicate the statutory rights of her fellow workers under the FLSA and Illinois state law, these facts counsel in favor of denying the Motion for Costs, lest other indigent litigants be deterred from bringing such claims in the future. Furthermore, given the procedural history of this case (which demonstrates that the issues litigated to date were difficult, close questions on which reasonable federal judges could disagree), it is clear that Plaintiffs' challenge to the arbitration provision was far from frivolous and presented a close question. Moreover, this litigation has not yet even reached the merits of Plaintiffs' underlying misclassification and wage claims. Plaintiffs maintains that she has a strong case on the merits, as numerous courts have repeatedly found exotic dancers to be misclassified by the clubs where they work[1], and she will likely prevail in

---

[1]      *See, e.g.*, *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235, 244 (4th Cir. 2016); *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Shaw v. Set Enterprises, Inc.*, 241 F. Supp. 3d 1318, 1323 (S.D. Fla. 2017); *Degidio v. Crazy Horse Saloon and Restaurant, Inc.*, Civ. No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *7-12 (D.S.C. Sept. 30, 2015); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 921 (S.D.N.Y. 2013); *Clincy v. Galardi South Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011); *Thompson v. Linda And A, Inc.*, 779 F.Supp.2d 139, 148, 151, 154 (D.D.C. 2011); *Morse v. Mer Corp*, No. 1:08-cv-WTL-JMS, 2010 WL 2346334, at *4 (S.D. Ind. June 4, 2010); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1352 (M.D. Fla. 1997); *Reich v. Priba Corp.*, 890 F. Supp. 586, 594 (N.D. Tex. 1995).

her arbitration once the Court appoints an arbitrator to preside over the Parties' dispute. In sum, this case was plainly brought in good faith[2], and it presents meritorious and close questions, all of which counsels in favor of granting Plaintiff's request to be relieved from the financial burden of paying Defendants' costs.

For all these reasons, Plaintiff Campbell submits that the Court should deny Defendants' request for $505 in costs.

## ARGUMENT

A challenge to the taxation of costs is governed by Federal Rule of Civil Procedure 54(d)(1), which vests the district court with the discretion to deny or reduce an award of costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). As set forth above, the Seventh Circuit has developed several factors for courts to consider in deciding whether to award costs, which take account of the losing party's financial resources, the merit of the underlying case and arguments, and the Plaintiff's good faith. *Rivera*, 469 F.3d at 635. "The Seventh Circuit has [also] acknowledged that

---

[2]      Defendants have repeatedly accused Plaintiff and her counsel of bad faith conduct because they allege that (1) Plaintiff cannot establish coverage under the FLSA because Silver Bullet's gross receipts do not exceed $500,000 annually; and (2) Plaintiff failed to plead the existence of her contract containing the arbitration provision in her complaint. These arguments are wholly frivolous, and any suggestion that Plaintiff or her counsel have acted in bad faith should be rejected out of hand. Plaintiff's counsel was presented with evidence that the club's gross receipts did not exceed $500,000 *after* the complaint was filed, at which point, they re-pled, alleging additional facts that they in good faith believe establish coverage under the FLSA. *See* Dkt. No. 9 (First Amended Complaint) at ¶¶ 32-33. The Seventh Circuit affirmed in this very case that such allegations are not jurisdictional. *Campbell*, 27 F.4th at 586-87. In any event, it is beyond dispute that Defendants are covered by Illinois state law, and Plaintiff also brings Illinois state law claims in this case.

Moreover, Plaintiffs' claims do not depend on the existence of her contract with Defendants, and indeed, Defendants can be liable for misclassification regardless of how the parties' contract characterizes their relationship. Moreover, Plaintiff had good faith arguments against the enforcement of Defendant's contract and arbitration provision -- arguments that this Court found persuasive enough to deny the Motion to Compel arbitration before that decision was subsequently overruled on appeal.

the Court may undertake 'a pragmatic exercise of discretion to deny or reduce

a costs order if the losing party is indigent.'" *Jones v. Parkview Hosp., Inc.*, No. 1:16-

CV-408, 2021 WL 7907673, at *1 (N.D. Ind. Feb. 8, 2021).

Applying these factors, courts have refused to award costs against indigent

litigants who have made a showing of their inability to pay. *See, e.g., Jones v. Parkview

Hosp., Inc.*, No. 1:16-CV-408, 2021 WL 7907673, at *2 (N.D. Ind. Feb. 8, 2021) ("After

considering Jones's financial circumstances and balancing the equities, the Court

concludes that Jones has overcome the presumption of awarding costs."); *Stewart v.

Lashbrook*, No. 3:16-CV-1321-NJR, 2021 WL 1736917, at *1 (S.D. Ill. May 3, 2021)

(denying motion for costs where litigant was indigent and the action was "not frivolous");

*Kaplan v. Mayo Clinic*, No. CIV. 07-3630 JRT, 2011 WL 3837095, at *2 (D. Minn. Aug.

29, 2011) (denying motion for costs where litigant had substantial debts and the claims

were brought "in good faith and [] were not frivolous."); *Cross v. Roadway Express*, No.

93 C 2584, 1994 WL 592168, at *1 (N.D. Ill. Oct. 26, 1994) (denying award of costs

where plaintiff had "less than $500" in savings and his only assets were a one-half

interest in his "mortgage-free home (owned jointly with his now-separated wife)—

property that his affidavit says is worth some $25,000."); *see also Coulter v. Newmont

Gold Co.*, 873 F. Supp. 394, 397 (D. Nev. 1994) (denying award of costs where such an

award would impose a "severe hardship" on plaintiff, where plaintiff's claim had

"substantial merit," and to prevent "plaintiffs with meritorious cases [from being] unduly

intimidated by the threat of imposition of massive costs."); *Roman v. Jan-Pro

Franchising Int'l, Inc.*, No. C 16-05961 WHA, 2017 WL 3086059, at *3 (N.D. Cal. July

4

20, 2017) (reducing costs to a fraction of the requested amount based on "equitable factors", including Plaintiffs' indigence).

Here, the court should deny Defendant's motion to include an award of costs in this case, as the Plaintiff meets all of the above listed factors.

### 1.  The Named Plaintiff Has Limited Financial Resources

First, Plaintiff has clearly demonstrated that she is indigent and that imposing costs on her would cause her to suffer hardship. Plaintiff has attested to her financial situation in a sworn affidavit, in which she has detailed her monthly expenses, assets, debts and has attached a copy of her current bank balance. *See* Campbell Aff., filed herewith. Campbell has worked as an exotic dancer for several years; her last position was at a club 90 minutes away in Peoria, Illinois, where she made roughly $100 to $150 per shift. *Id.* at ⁋ 5. However, because of the variable income, long drive and the high price of gas, she had to stop working there. *Id.* Campbell is currently unemployed and is uncertain how she will pay her bills. *Id.* at ⁋⁋ 5, 8-10. She is exploring whether she can withdraw funds from her meager retirement savings to pay her bills. *Id.* at ⁋ 8. At present, she has $21.36 in her bank account. *Id.* at ⁋ 9; Ex. A. Defendants seek to require Campbell to pay an amount that exceeds her monthly rent check when she is unemployed and has no immediate prospects for reemployment, as opportunities for dancing are limited in rural Illinois.

Courts in this Circuit have regularly denied costs where, as here, plaintiffs are unemployed, have limited assets and owe significant debt. *See Tallman v. Freedman Anselmo Lindberg LLC*, No. 11-3201, 2013 WL 4041412, at *2 (C.D. Ill. Aug. 7, 2013) (denying costs based where "Plaintiff's affidavit reflects that Plaintiff … has $60 in

savings, and receives $713 in social security which covers his monthly expenses (approximately $636) leaving approximately $77 a month for food and gas."); *Mays v. BNSF Ry. Co.*, No. 10 C 153, 2013 WL 6645396, at *2 (N.D. Ill. Dec. 17, 2013) ("Given his negative monthly cash flow and outstanding debts, Mays is currently unable to satisfy a cost award. Moreover, it is unlikely that Mays's financial situation will improve materially in the future, as his felony conviction has prevented him and likely will continue to prevent him from obtaining a job that pays wages higher than the $10 per hour ..."); *Stewart*, 2021 WL 1736917, at *1 (denying motion for costs where litigant was indigent and the action was "not frivolous"); *Kaplan*, 2011 WL 3837095, at *2 (denying motion for costs where litigant had substantial debts and claims were brought "in good faith and [] were not frivolous."); *Cross*, 1994 WL 592168, at *1 (denying award of costs where plaintiff had "less than $500" in savings and his only assets were a one-half interest in home worth $25,000); *see also Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999) (overturning award of costs and remanding to the district court to consider plaintiff's indigent status and unemployment); *Mansourian v. Bd. of Regents of Univ. of California at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008) (denying award of costs where plaintiffs had limited financial resources, were in substantial student debt, and earned barely enough income to cover their monthly living expenses); *Santopietro v. Howell*, 2014 WL 6968070 at *3 (D. Nev. 2014) (granting motion to re-tax costs and noting that "while plaintiff is not completely indigent, she has provided sufficient evidence that her financial situation is strained and her income inconsistent.").[3]

---

[3]     Indeed, courts have refused to award costs even where a litigant did not initially provide the requisite sworn statement regarding their finances to establish their indigence. *See, e.g.,*

As it currently stands, Plaintiff here barely has the ability to financially support herself. Plaintiff currently has no income, and her debts and expenses exceed her ability to pay them. She has less than $25 in her bank account, and her only assets are her 15-year old car and her meager retirements savings. *See* Campbell Aff. at ₱₱ 6, 9. Imposing costs on her would *increase* the obstacles she already faces in providing for herself and would hamper her ability to repay the debts she already owes -- totaling thousands of dollars -- for medical bills and overpayment of unemployment benefits. *See* Campbell Aff. at ₱ 7. Further, there is no prospect that Plaintiff Campbell will be better able to pay these costs in the future given that she has been employed in the precarious field of exotic dancing for years and has struggled to secure stability for herself for many years. *Id.* at ₱ 10.

"There are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463–64 (3rd Cir. 2000); *see also Jones v. Parkview Hosp., Inc.*, No. 1:16-CV-408, 2021 WL 7907673, at *1 (N.D. Ind. Feb. 8, 2021) ("The Seventh Circuit has acknowledged that the Court may undertake a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent.") (internal citation omitted). In light of Plaintiff's meager financial resources, the Court should exercise the discretion afforded to it by Fed. R. Civ. P. 54(d)(1) and deny an award of costs to Defendants.

---

*Jones*, 2021 WL 7907673, at *1 n. 1.  Here, by contrast, Campbell has provided a detailed attestation regarding her financial situation.  If the court should find that it needs additional information (as the *Jones* court did), Campbell will supplement the record to provide whatever additional information is required.

## 2. Plaintiff's Case Has Merit, Presents Difficult Issue, Was Litigated In Good Faith, and May Yet Be Vindicated In Arbitration.

With respect to the other factors outlined by the Seventh Circuit, here, there can be no doubt that this case has merit and was litigated in good faith. As described above, numerous courts have held exotic dancers to be misclassified as independent contractors, both under the FLSA's economic realities test and an "ABC" test for employment status like that utilized by the IWPCA.[4] *See supra*, n. 1. Thus, Plaintiffs' claims for misclassification and resulting wage violations are plainly brought in good faith. Furthermore, both parties presented competing arguments regarding the enforceability of the arbitration provision in Defendants' contract. The very fact that this court agreed with Plaintiff's argument and denied the Motion to Compel arbitration makes clear that the arguments presented close questions regarding the enforceability

---

[4]    Illinois utilizes a strict three-prong "ABC" test under the IWPCA, 820 Ill. Comp. Stat. 115/2, et seq. By its plain terms, this test is conjunctive, meaning that Defendants' dancers are covered by the IWPCA unless it can satisfy all three of the prongs. *See* 56 Ill. Admin Code § 300.460 (stating that "all three conditions enumerated in Section 2 of the [IWPCA] must be satisfied for the independent contractor exemption to apply"). In Massachusetts, Connecticut, and California, all of which have similar "ABC" tests, judges and arbitrators have repeatedly and consistently granted summary judgment to plaintiff dancers. *See Cusick v. The 15 Lagrange Street Corp. d/b/a The Glass Slipper*, Suffolk Civ. A. No. 10-4127 (Mass. Super. Aug. 8, 2013)  (holding exotic dancers to be employees of a strip club under prong B of similar Massachusetts "ABC" test*); Vasquez v. Ye Olde Lamplighter II, Inc.*, Worcester, Civ. A. No. 2011-1610 (Mass Super. Nov. 13, 2013) (same); *Monteiro v. PJD Entertainment of Worcester, Inc., d/b/a/ Centerfolds ("Centerfolds")*, Worcester Civ. A. No. 10-1930 (Mass. Super. Nov. 23, 2011) (same); *Jenks v. D & B Corp., d/b/a/ The Golden Banana ("Golden Banana")* 28 Mass. L. Rptr. 579 (Mass. Super. Ct. Aug. 24, 2011) (same); *Sandoval v. M.J.F. Bowery Corp., d/b/a/ Ten's Show Club ("Ten's")*, 2011 WL 5517331, at *1 (Mass. Super. July 22, 2011) (same); *Cruz v. Manlo Enterprises, Inc. d/b/a/ Mario's Showplace ("Mario's Showplace")*, Worcester Civ. A. 10-1931 (Mass. Super. June 9, 2011) (same); *Chaves v. King Arthur's Lounge*  No. 07-2505, 2009 WL 3188948, at *1 (Mass. Super. July 30, 2009); *Johnson v. VCG-IS, LLC*, (Case No. 30-2015-00802813 (Super. Ct. Cal. Aug, 31, 2018) Ntc of Ruling on Motion for Summ. J. (holding exotic dancers to be employees of strip club on summary judgment under prong B of California's "ABC" test); *D'Antuono v. C & G Groton, et al.*, AAA No. 11-160-02069-11 (Dec. 3, 2012) (finding exotic dancers to be employees of strip club on summary judgment under prong B of Connecticut's "ABC" test).

of the arbitration provision. *See Kaplan*, 2011 WL 3837095, at *2 (denying costs to

Defendant; "the Court finds that the Kaplans brought their claims in good faith and their

claims were not frivolous"); *Ayala v. Pacific Maritime Ass'n*, 2011 WL 6217298 at *3,

(N.D. Cal 2011) (denying award of costs to defendant, reasoning that "[t]he claims in

this case may have been ultimately unsuccessful, but they were not without merit . . .

the claims failed due to Plaintiffs' failure to present evidence sufficient to meet their

burden, not due to their claims having been unfounded . . . the Plaintiffs made

meritorious, if unsuccessful claims. Their belief that they may have had a successful suit

was reasonable."). While Plaintiff disagrees with the ultimate result of the appeal[5], there

can be no question that Campbell brought her claims, including her challenge to the

arbitration provision, in good faith (and indeed, Plaintiff may yet succeed on the merits

of her claim in arbitration). Thus, given the prior success of other plaintiffs in litigating

similar cases, *see supra* n. 1, and the difficulty of the legal issues in this case, it is clear

that Plaintiff has satisfied this factor and that a denial of costs to Defendant is

warranted.

> **3. Awarding Costs Would Discourage Future Plaintiffs From Bringing Cases That Seek to Advance Public Policy Goals Such as The Enforcement of Remedial Labor Laws.**

Finally, awarding costs in this case will certainly discourage future plaintiffs from

bringing cases that seek to vindicate their fellow workers' rights and advance "significant

---

[5]     Indeed, Plaintiff moved (unsuccessfully) for rehearing *en banc* based on her firm belief
that the district court's original decision denying the Motion to Compel was correct. *See* Ex. 1,
attached hereto. The petition for rehearing further underscores the merit of Plaintiff's arguments
and is further evidence of the closeness of the legal questions presented here. Although Plaintiff
accepts that she was ultimately unsuccessful in challenging Defendant's one-sided arbitration
provision, it is clear that her arguments were close ones, made in good faith.

public values." *Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 397 (D. Nev. 1994).

Cases which "have ramifications beyond the parties and concerns immediately involved

in the litigation" are the types of cases that justify a denial of costs. *Ayala*, 2011 WL

6217298 at *3 (ruling that even though Plaintiffs had failed to satisfy their burden of

proof, costs should be denied because "[t]he importance of these issues is substantial.

Awarding the costs sought by Defendants in this case would discourage union members

from seeking to protect important rights by bringing suit against their labor union. This

combination of factors is a sufficient basis for denying costs."). In this case, awarding

costs would have a chilling effect on potential low-income plaintiffs who seek to

vindicate their rights under the wage laws. The dangers and inequities of awarding

costs would further be compounded in cases such as this one, where a plaintiff is

especially vulnerable because she performs precarious work in an industry rife with

exploitation. Thus, the plaintiff here is the very type of individual who is most likely to be

intimidated and deterred from coming forward to pursue their claims. As such, it is

especially important that individuals like Plaintiff are assured that they can seek redress

from the courts when their rights are violated and are not discouraged from doing so by

the prospect of having to pay financially crippling costs. In light of the important public

policy goals that wage and hour laws serve, this Court should take care not to

discourage future plaintiffs from seeking redress to the courts by taxing Plaintiff's good-

faith effort to avail herself of the protections afforded by the state and federal wage

laws.

**CONCLUSION**

For the foregoing reasons, this Court should follow the numerous courts cited herein and should deny Defendant's Motion for Costs (Dkt. No. 23) and should grant Plaintiff's Cross-Motion for Review of Cost Judgment.

Dated: May 4, 2022                                Respectfully submitted,
                                                                  BRANDI CAMPBELL, individually and on
                                                                  behalf of all others similarly situated

                                                                  By her attorneys,

                                                                  *s/ Adelaide Pagano*
                                                                  Adelaide Pagano, pro hac vice
                                                                  LICHTEN & LISS-RIORDAL, P.C.
                                                                  729 Boylston Street, Suite 2000
                                                                  Boston, MA 02116
                                                                  Tel. (617) 994-5800
                                                                  Fax (617) 994-5801
                                                                  apagano@llrlaw.com

                                                                  Bradley Manewith, #06280535
                                                                  Marc Siegel, #06238100
                                                                  Siegel & Dolan Ltd.
                                                                  150 North Wacker Drive, Suite 3000
                                                                  Chicago, IL 60606
                                                                  Tel. (312) 878-3210
                                                                  Fax (312) 878-3211
                                                                  bmanewith@msiegellaw.com
                                                                  msiegel@msiegellaw.com

## __CERTIFICATE OF COMPLIANCE__

This memorandum complies with Local Rule 7.1(B)(4) because it does not exceed 15 pages and does not contain more than 7,000 words or 45,000 characters.  It contains 3,485 words and 21,479 characters.

_/s/ Adelaide Pagano_____
Adelaide Pagano, Esq.

**<u>CERTIFICATE OF SERVICE</u>**


I hereby certify that on May 4, 2022, I electronically filed Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendants' Motion for Costs and Cross-Motion Review of Cost Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Chad S Beckett
BECKETT LAW OFFICE PC
508 South Broadway Avenue
Urbana, IL 61803-7160


*/s/ Adelaide Pagano*

Adelaide Pagano, Esq.