UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

BRANDI CAMPBELL, individually and on behalf of all others similarly situated, )
)
)
Plaintiffs, )
v. )  Case No. 20-CV-2271
)
KEAGLE, INC., d/b/a THE SILVER BULLET BAR, and EDWARD SALFELDER, JR., )
)
)
Defendants. )

**O R D E R**

This case is before the court on remand from the Seventh Circuit, per the Mandate (#22) issued April 13, 2022, and on Defendants' Motion for Taxation of Costs (#23) filed April 20, 2022, to which Plaintiff filed a Response in Opposition/Cross-Motion (#24, 25) on May 4, 2022.

I.  REMAND

The Seventh Circuit vacated this court's Order (#18) denying Defendants' Motion to Compel Arbitration (#10) and remanded with instructions that this court name an arbitrator, refer the dispute to arbitration, and stay further judicial proceedings.

The court hereby names Retired Judge Ron Spears, of Spears Dispute Resolution, LLC, in Taylorville, Illinois, as arbitrator in this matter.  The court has confirmed Judge

Spears' availability and willingness to serve as arbitrator, and his initial screening identifies no conflict as it relates to the parties or attorneys.

The court understands that Judge Spears anticipates he will begin with a telephone conference call to address scheduling and any other issues. The court therefore directs counsel to jointly contact Judge Spears within 21 days, in order to initiate the arbitration process. The parties may contact Judge Spears by email at judge.spears@gmail.com or by telephone at 217-820-4878.

## II. MOTION FOR COSTS

Following the Mandate (#22) issued by the Seventh Circuit in this matter, Defendants filed a Motion for Costs (#23) with attached Bill of Costs, requesting an order directing Plaintiff to reimburse Defendants for the cost of their appeal, i.e., the $505.00 filing fee with the Seventh Circuit.

In a Response/Cross-Motion (#24, 25), Plaintiff asks the court to deny Defendants' request for reimbursement of costs. In support thereof, she filed a Declaration (#26) in which she attests that: she is currently unemployed; her only source of employment in recent years has been exotic dancing; she has no employment prospects; her monthly expenses include $500 for rent, $50 for electricity, $80 for internet, $70 for telephone service, and $90 in car payments; her current debt includes medical bills for an emergency room visit for COVID-19 in 2020 and $15,000 in debt owed to the State of Illinois for overpayment of unemployment benefits; and her assets consist of $21.36 in a checking account (a screenshot of which was attached as an exhibit), $6,500 in a Roth IRA (intended for retirement, but for which she is exploring

2

the possibility of early withdrawal in order to pay her monthly bills), and a 2006 Toyota Camry with over 300,000 miles on it.

In short, she attests that her "debts and expenses far exceed [her] combined savings and assets." (#26, at 3 ¶ 11).

Under Federal Rule of Civil Procedure 54(d)(1), costs shall be allowed to the prevailing party unless a federal statute, the Federal Rules, or a court order provides otherwise. There is no dispute that Defendants prevailed on appeal in this matter.

"[T]here is a strong presumption that costs will be awarded to the prevailing party." *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009). However, Rule 54(d)(1) "grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The presumption that costs will be awarded to the prevailing party may be overcome by a showing of indigence. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). When determining whether to hold an indigent party responsible for a prevailing party's costs, the district court first "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera*, 469 F.3d at 635, quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). The party asserting indigence must provide the court with sufficient documentation "in the form of an affidavit or other documentary evidence" of income, assets, and expenses. *Rivera*, 469 F.3d at 635. Second, the court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised" in the case. *Rivera*, 469 F.3d at 635.

3

No one factor is determinative, and the appellate court reviews a denial of a motion for costs under Rule 54(d)(1) for an abuse of discretion. See *Rivera*, 469 F.3d at 635-36. However, the district court must provide an explanation for its decision to award or deny costs.

Here, the court finds that Plaintiff is incapable of paying Defendants' requested costs at this time or in the future. Plaintiff's bank account balance of $21.36 is wholly insufficient to cover even her basic monthly expenses. Even if she is able to make an early withdrawal of her retirement savings in full, that would still account for less than half of the $15,000+ in debt she already owes to medical providers and to the State. She has no assets that she can sell or mortgage to pay the foregoing expenses or debt, or to pay the costs sought in this matter.

Moreover, Plaintiff is unemployed, has no source of income, and has no prospects for employment. She has worked exclusively as an exotic dancer for years and attests that the work is "precarious" and the pay "highly variable." (#26, at 2 ¶ 10). Defendants do not contest this characterization of the industry. It is supported by the current record, which reflects that Plaintiff worked as an exotic dancer at Defendants' establishment for only 2-3 months, and that the parties' contract required Plaintiff to pay Defendants a daily lease fee of $30-70 and a weekly lease fee of $100 as an independent contractor or to accept an hourly wage of $4.95 plus tips as an employee. See (#9, at 2 ¶ 5), (#10-1). When she was last employed, Plaintiff had to commute approximately 90 miles to a club in Peoria, Illinois, which generally resulted in a net income of less than $100 per day. (#26, at 1-2 ¶ 5).

Plaintiff has met her burden and provided sufficient evidence for the court to make a threshold factual finding that she is incapable of paying Defendants' costs.

Second, the court considers the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case. Here, although the $505.00 in costs sought by Defendants may not seem substantial when devoid of context, or even by comparison to many other cases, it is a substantial sum in light of Plaintiff's meager savings, lack of income, and preexisting debts as outlined above.

More significantly, the court finds that this case was brought in good faith and raised difficult issues. Although the agreement between the parties contained an arbitration clause, the court finds that Plaintiff's filing of the matter in federal court was not done in bad faith. In fact, as is evident from the record, this court initially determined that the arbitration provision was unenforceable before the Seventh Circuit reversed that decision. Plaintiff's assertion that "the issues litigated to date were difficult, close questions on which reasonable federal judges could disagree" is well-taken. (#25, at 7).

Finally, the underlying issues raised in Plaintiff's complaint, alleging violations of the Fair Labor Standards Act and state minimum wage laws in the exotic dancing industry, have been borne out on the merits in similar cases. See, e.g., *McFeeley v. Jackson Street Entertainment, LLC*, 825 F.3d 235 (4th Cir. 2016); *Reich v. Circle C. Investments*, 998 F.2d 324 (5th Cir. 1993); *Shaw v. Set Enterprises, Inc.*, 241 F.Supp.3d 1318 (S.D. Fla. 2017); *Hart v. Rick's Cabaret International, Inc.*, 967 F.Supp.2d 901 (S.D.N.Y. 2013); *Morse v. Mer Corp*, 2010 WL 2346334 (S.D. Ind. June 4, 2010).

For all these reasons, the court finds that Plaintiff has overcome the presumption that costs be awarded to the prevailing party under Rule 54(d)(1). Therefore, in an exercise of this court's discretion, Defendants' Motion for Costs (#23) is DENIED.

IT IS THEREFORE ORDERED:

(1) Pursuant to the Seventh Circuit Mandate, this matter is hereby referred to arbitration.

(2) The court names Judge Ron Spears, of Spears Dispute Resolution, LLC, as arbitrator. The parties are directed to jointly contact Judge Spears within 21 days.

(3) Defendants' Motion for Costs (#23) is DENIED.

(4) This case is stayed pending arbitration. The court directs the Clerk to administratively close this case. See *Thomas v. Wardell*, 951 F.3d 854, 858 n.3 (7th Cir. 2020).

ENTERED this 16th day of May, 2022.

s/Colin Stirling Bruce<br>
COLIN S. BRUCE<br>
U.S. DISTRICT JUDGE